IN THE UNITED STATES BANKRUPTCY COURT **FILED**

FOR THE

Samuel L. Kay, Clerk
United States Bankruptcy Court
Brunswick, Georgia
*By cking at 4:44 pm, Aug 27, 2010*

SOUTHERN DISTRICT OF GEORGIA

Waycross Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 Case |
| | ) | Number <u>09-50654</u> |
| TIMOTHY E. STEEDLEY | ) | |
| | ) | |
| Debtor | ) | |

## <u>ORDER CONTINUING CONFIRMATION</u>

This matter came before me for hearing on confirmation of the chapter 11 plan ("Plan") filed by Debtor Timothy E. Steedley. The Debtor seeks to have the Plan confirmed pursuant to 11 U.S.C. § 1129(b), over the rejection of the Plan by an impaired class of unsecured claims. Because the proposed Plan would allow the Debtor to retain property in which there may be equity, I cannot conclude that the plan satisfies the "fair and equitable" requirement of § 1129(b)(2)(B)(ii) as to unsecured creditors. Hearing on confirmation of the Plan is therefore continued to allow the Debtor the opportunity to demonstrate that the Plan complies with § 1129(b)(2)(B)(ii).

### **BACKGROUND**

The Debtor filed a voluntary small business chapter 11 bankruptcy case. (See Dkt. No. 1). The Debtor is an individual who operates two businesses—the primary being the ownership and

management of several residential rental properties and the other being a lawn maintenance business.  (Dkt. No. 117 at 2.)

The Debtor's Second Amended Plan & Disclosure Statement provided that title to the Debtor's property was to "revest in the Debtor upon confirmation of the Plan, free and clear of liens, claims and interests [except as otherwise provided by the Plan]."  (Id. at 8.)  The Debtor did not propose to pay any new value into the Plan.  Under the plan, creditors holding unsecured claims would receive yearly pro rata payments for a period of ten years, with the total amount distributed equaling twenty percent of their respective claims.  (Id. at 6.)

The disclosure statement was conditionally approved (see Dkt. No. 121), and balloting on the Plan took place.  The only two unsecured creditors to vote rejected the Plan.  (See Dkt. Nos. 123, 124.)

A confirmation hearing on the Plan was held, at which the Debtor sought confirmation of the plan pursuant to § 1129(b).  I raised the issue of whether the Plan satisfies the "fair and equitable" requirement of § 1129(b)(2)(B)(ii) (known as the "absolute priority rule") as to unsecured creditors given that the Debtor was to retain all of his property under the Plan and his unsecured creditors would receive less than full payment on their claims.  I gave the Debtor and the United States Trustee the option of submitting briefs on the issue of whether the

2

absolute priority rule applies to individual chapter 11 debtors after passage of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").  The Debtor submitted a brief in support of Plan confirmation which argued that the absolute priority rule does not apply to individual chapter 11 debtors, and the United States Trustee submitted case authority supporting the position that the absolute priority rule does not apply.

## DISCUSSION

### I. The Absolute Priority Rule Applies.

If a chapter 11 plan is to be confirmed over its rejection by an impaired class of unsecured claims, then the plan must be "fair and equitable" as to each impaired, non-accepting class of claims.  11 U.S.C. § 1129(b)(1).[1]  For a plan to be found "fair and equitable," it must, if unsecured claims are not to be paid in full, satisfy the absolute priority rule of 11 U.S.C. § 1129(b)(2)(B)(ii).   Section 1129(b)(2)(B)(ii) provides as follows:

> (B) With respect to a class of unsecured claims—
> (i) the plan provides that each holder of a claim of such class receive or retain on account of such claim property of a value, as of the effective date of the plan, equal to the allowed amount of such claim; or

---

[1] Section 1129(b), the "cram down" provisions, can be used by a debtor if § 1129(a)(8) which requires that all impaired classes of claims must accept the plan is the only unsatisfied requirement among those sixteen contained in § 1129(a).  11 U.S.C. § 1129(b)(1).

AO 72A
(Rev. 8/82)

> (ii) the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property, **except that in a case in which the debtor is an individual, the debtor may retain property included in the estate under section 1115, subject to the requirements of subsection (a)(14) of this section.**

11 U.S.C. § 1129(b)(2)(B) (emphasis added).

The above emphasized language was added to § 1129(b)(2)(B)(ii) as part of the BAPCPA amendments. Section 1115 was itself added by BAPCPA, and it provides as follows:

> (a) In a case in which the debtor is an individual, property of the estate includes, in addition to the property specified in section 541—
>> (1) all property of the kind specified in section 541 that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 12, or 13, whichever occurs first; and
>> (2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 12, or 13, whichever occurs first.
> (b) Except as provided in section 1104 or a confirmed plan or order confirming a plan, the debtor shall remain in possession of all property of the estate.

11 U.S.C. § 1115.

Courts interpreting this new language are split over whether the absolute priority rule applies to individual chapter 11 debtors. Compare In re Gbadebo, 431 B.R. 222, 230 (Bankr. N.D. Cal. 2010) (holding that the absolute priority rule applies),

4

with In re Shat, 424 B.R. 854, 868 (Bankr. D. Nev. 2010) (holding that the absolute priority rule does not apply).

I am persuaded that the absolute priority rule applies to post-BAPCPA individual chapter 11 debtors. The plain language of the relevant provisions is unambiguous. Section 1129(b)(2)(B)(ii) allows individual chapter 11 debtors to retain property "included in the estate under section 1115." Individual debtors may retain property added to their bankruptcy estate by § 1115. Accord In re Gbadebo, 431 B.R. at 229. In order to find that language susceptible of meaning all property referenced in § 1115, as some courts have, see, e.g., In re Shat, 424 B.R. at 863, § 1115 must be read so as to subsume § 541, see id.; In re Roedemeier, 374 B.R. 264, 274, 276 (Bankr. D. Kan. 2007); In re Tegeder, 369 B.R. 477, 480 (Bankr. D. Neb. 2007).[2]

Nothing in the plain language of § 1115 suggests that it subsumes § 541. To the contrary, § 541 specifically applies in all chapter 11 cases, as Judge Tchaikovsky explains in In re Gbadebo:

> Section 103(a) provides that § 541 applies in a chapter 11 case, including an individual chapter 11 case. Section 541 provides that, when a petition is filed, a bankruptcy estate is created, consisting of the debtor's pre-petition property. Section 1115 provides that, in an individual chapter 11 case, in addition to the property specified in § 541, the estate includes the debtor's post-petition property.

---

[2] Although the Court in In re Shat held that the absolute priority rule was eliminated by BAPCPA, it acknowledged that that reading of §§ 1129(b)(2)(B)(ii) and 1115 was "convoluted." 424 B.R. at 867.

5

In re Gbadebo, 431 B.R. at 229.[3]    Therefore, because § 1115 adds
postpetition property to the individual debtor's estate in a
chapter 11 case, it is that postpetition property that may be
retained by an individual debtor under § 1129(b)(2)(B)(ii)
without violating the absolute priority rule.

## II. The Debtor May Retain Exempt Property.

An individual chapter 11 debtor may keep exempt property
without violating the absolute priority rule.    Although some
courts have held that the absolute priority rule prevents an
individual chapter 11 debtor from retaining any property unless
all unsecured creditors are paid in full, see, e.g., In re
Gosman, 282 B.R. 45, 48 (Bankr. S.D. Fla. 2002), the better
approach holds that a debtor's retention of exempt property does
not violate the absolute priority rule, see In re Henderson, 321
B.R. 550, 561 (Bankr. M.D. Fla. 2005).

An individual debtor's ability to claim exemptions under
§ 522 exists for individual chapter 11 debtors.    In re Henderson,
321 B.R. at 558 (citing 11 U.S.C. § 1123(c)).    "Once [a debtor's]

---

[3] Judge Tchaikovsky also notes the likely reason why Congress referenced § 541
within § 1115:
> If the clause referring to § 541 had not been included in § 1115
> and if § 1115 had merely stated that an individual chapter 11
> debtor's estate included post-petition property, the argument could
> have been made that an individual chapter 11 debtor's estate did
> not include his pre-petition property.
In re Gbadebo, 431 B.R. at 229.

6

exemptions are allowed the [property is] no longer part of the [d]ebtor's estate, and the [d]ebtor does not retain property on account of such interest because he retains it as a matter of right by virtue of recognition of his right to exemptions." Id. at 559. A debtor's interest in exempt property can therefore never be junior to the interest of an unsecured creditor because unsecured creditors cannot reach exempt property. Id. at 560. A debtor may thus retain exempt property without violating § 1129(b)(2)(B)(ii). Id. at 561; In re Bullard, 358 B.R. 541, 544-45 (Bankr. D. Conn. 2007).

In the present case, the Debtor's Plan does not violate the absolute priority rule of § 1129(b)(2)(B)(ii) to the extent that it calls for the Debtor to retain exempt property.

### III. The Debtor May Not Retain Non-Exempt Property.

The problem in this case, as counsel for the Debtor admitted at hearing, is that there may be equity in some of the Debtor's prepetition property. In that case, the Debtor's retention of non-exempt property would run afoul of the absolute priority rule.

Because the burden is on the Debtor to establish each element of § 1129(a) and (b), In re New Midland Plaza Assocs., 247 B.R. 877, 883 (Bankr. S.D. Fla. 2000), the Debtor must

7

produce evidence that there is no equity in the properties.[4] Since this issue was raised by me sua sponte, I will allow the Debtor additional time in which to present evidence and/or authority in support of his Plan.

## CONCLUSION

Based upon the evidence before me, I cannot determine whether the Debtor's Plan satisfies the absolute priority rule of § 1129(b)(2)(B)(ii). It is therefore **ORDERED** that hearing on confirmation of the Plan is **CONTINUED** to allow the Debtor the opportunity to amend his Plan, if deemed appropriate, and demonstrate that the current or amended plan satisfies § 1129(b)(2)(B)(ii). Any plan modification must be filed by September 17, 2010. If such modification is timely filed, then the Clerk's office shall fix the time for filing objections and for balloting, and shall issue notice of hearing on confirmation of the amended plan in accordance with the relevant provisions of Title 11. If no such modification is timely filed, then continued hearing on the Debtor's current Plan shall be held on

---

[4] The Debtor has not argued that the "new value" exception to the absolute priority rule applies here, if that exception still exists, see In re Global Ship Sys., LLC, 391 B.R. 193, 208 (Bankr. S.D. Ga. 2007) (questioning, without determining, the continued viability of the new value exception).

AO 72A
(Rev. 8/82)

September 30, 2010.


                                    _____
                                    JOHN S. DALIS
                                    United States Bankruptcy Judge


Dated at Brunswick, Georgia,
this 27th day of August, 2010.

AO 72A
(Rev. 8/82)